**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**

(State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | Advanced Bioscience Labware, Inc. |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | N/A |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 81-3581229 |

**4.   Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **2250 Riley Street** | |
| Number        Street | Number            Street |
| | P.O. Box |
| **Auburn, AL 36832** | |
| City                    State      Zip Code | City                          State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Lee County** | |
| County | Number            Street |
| | City                          State    Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https://www.sio2ms.com |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

Debtor    **Advanced Bioscience Labware, Inc.**      Case number *(if known)* _____
Name

---

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
3391

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub- box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☒ A plan is being filed with this petition.

     ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

     ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |
| District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |

---

Debtor    **Advanced Bioscience Labware, Inc.**                    Case number *(if known)* _____
_____Name_____

| | | |
|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No ☒ Yes. | |

List all cases.  If more than 1, attach a separate list.

Debtor    **See Rider 1**                    Relationship    **Affiliate**

District    **District of Delaware**

When    **03/29/2023**
                                                                MM / DD / YYYY
Case number, if known  _____

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐   Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒   A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐   It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐   It needs to be physically secured or protected from the weather.

☐   It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐   Other _____

**Where is the property?** _____
                                                        Number        Street

_____
City                                State        Zip Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____

Contact name _____

Phone _____

| | |
|---|---|
| ███ | **Statistical and administrative information** |

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | | | |
|---|---|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

| Debtor | Advanced Bioscience Labware, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| | | | | | |
|---|---|---|---|---|---|
| **15. Estimated assets** (on a consolidated basis) | ☐ $0–$50,000 | ☐ $1,000,001–$10 million | ☐ $500,000,001–$1 billion |
| | ☐ $50,001–$100,000 | ☐ $10,000,001–$50 million | ☐ $1,000,000,001–$10 billion |
| | ☐ $100,001–$500,000 | ☐ $50,000,001–$100 million | ☐ $10,000,000,001–$50 billion |
| | ☐ $500,001–$1 million | ☒ $100,000,001–$500 million | ☐ More than $50 billion |
| **16. Estimated liabilities** (on a consolidated basis) | ☐ $0–$50,000 | ☐ $1,000,001–$10 million | ☒ $500,000,001–$1 billion |
| | ☐ $50,001–$100,000 | ☐ $10,000,001–$50 million | ☐ $1,000,000,001–$10 billion |
| | ☐ $100,001–$500,000 | ☐ $50,000,001–$100 million | ☐ $10,000,000,001–$50 billion |
| | ☐ $500,001–$1 million | ☐ $100,000,001–$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **03/29/2023**
MM/ DD / YYYY

**✗   /s/ Yves Steffen**
Signature of authorized representative of debtor

**Yves Steffen**
Printed name

Title   **Authorized Signatory**

**18. Signature of attorney**

**✗   /s/ Justin Alberto**
Signature of attorney for debtor

Date   **03/29/2023**
MM/DD/YYYY

**Justin Alberto**
Printed name

**Cole Schotz P.C.**
Firm name

**500 Delaware Avenue, Suite 1410**
Number                              Street

**Wilmington**
City

**Delaware**
State

**19801**
ZIP Code

**(302) 652-3131**
Contact phone

**jalberto@coleschotz.com**
Email address

**5126**
Bar number

**Delaware**
State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**

(State)

Case number *(if known)*: _____  Chapter ___11___

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of SiO2 Medical Products, Inc.

SiO2 Medical Products, Inc.
Advanced Bioscience Labware, Inc.
Advanced Bioscience Consumables, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ADVANCED BIOSCIENCE LABWARE, INC., | ) | Case No. 23-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| SiO2 Medical Products, Inc. | 2250 Riley Street, Auburn, Alabama 36832 | 100% |

---

[1]    This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ADVANCED BIOSCIENCE LABWARE, INC., | ) | Case No. 23-_____(___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| SiO2 Medical Products, Inc. | 100% |

Debtor   SIO2 MEDICAL PRODUCTS, INC., et al.,

Case number (if known)_____

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name: SIO2 MEDICAL PRODUCTS, INC., et. al. | |
| United States Bankruptcy Court for the: District of Delaware | |
| Case number (If known): | ☐ Check if this is an amended filing |

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially unsecured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | On File | On File | Unsecured Debt | | | | $ 10,669,336 |
| 2 | On File | On File | Unsecured Debt | | | | $ 10,667,571 |
| 3 | R+D CUSTOM AUTOMATION ATTN: LOREN ESCH 23411 W WALL STREET LAKE VILLA, IL 60046 UNITED STATES | LOREN ESCH CEO & PRESIDENT PHONE - (262) 298-7250 FAX - (262) 298-7257 | Accounts Payable | | | | $ 7,209,472 |
| 4 | ZAHORANSKY AUTOMATION AND MOLDS ATTN: ROBERT DOUS BEBELSTRASSE 11A FREIBURG, 79108 GERMANY | ROBERT DOUS MANAGING DIRECTOR EMAIL - info@zahoransky.com PHONE - 49 (0) 761 / 7675 - 0 FAX - 49 (0) 761 / 7675 - 143 | Accounts Payable | | | | $ 4,962,542 |
| 5 | HARRO HOFLIGER PACKAGING SYSTEMS, INC. ATTN: JEFF SHANE 350 SOUTH MAIN STREET, SUITE 315 DOYLESTOWN, PA 18901 UNITED STATES | JEFF SHANE PHONE - (215) 345-4256 | Accounts Payable | | | | $ 2,755,310 |
| 6 | MIDAS PHARMA GMBH ATTN: KARL-HEINZ SCHLEICHER RHEINSTR. 49 INGELHEIM, 55218 GERMANY | KARL-HEINZ SCHLEICHER PRESIDENT & CEO EMAIL - info-pharma@midas-pharma.com PHONE - 49 6132 990-0 FAX - 49 6132 990-40 | Contractual Obligation | | | | $ 2,303,201 |
| 7 | WEST PHARMACEUTICAL SERVICES, INC. ATTN: ERIC GREEN 530 HERMAN O. WEST DRIVE EXTON, PA 19341-1147 UNITED STATES | ERIC GREEN PRESIDENT & CEO PHONE - 610-594-2900 | Accounts Payable | | | | $ 1,813,383 |
| 8 | RICHMOR AVIATION 1142 ROUTE 9H PO BOX 423 HUDSON, NY 12534 | PHONE - (518) 828 9461 FAX - (518) 828 1303 | Accounts Payable | | | | $ 1,018,342 |
| 9 | DPS GROUP INC. ATTN: AIDAN O'DWYER 959 CONCORD ST., SUITE 100 FRAMINGHAM, MA 01701 UNITED STATES | AIDAN O'DWYER PRESIDENT, US OPERATIONS PHONE - (508) 532-6760 | Accounts Payable | | | | $ 798,693 |
| 10 | COOLEY,LLP ATTN: PATRICK GUNN 101 CALIFORNIA STREET SAN FRANCISCO, CA 94111 | PATRICK GUNN MANAGING PARTNER EMAIL - pgunn@cooley.com PHONE - (415) 693-2070 | Accounts Payable | | | | $ 475,302 |
| 11 | PRENT CORPORATION ATTN: JOSEPH PREGONT 2225 KENNEDY RD JANESVILLE, WI 53545 UNITED STATES | JOSEPH PREGONT CEO PHONE - (608) 754-0276 FAX - (608) 754-2410 | Accounts Payable | | | | $ 343,933 |
| 12 | PIXON ENGINEERING AG ATTN: DANIEL BERNHARD KEHL SANDSTRASSE 2 VISP, 3930 SWITZERLAND | DANIEL BERNHARD KEHL PRESIDENT EMAIL - info@pixon-ch.com PHONE - 41 27 948 08 60 FAX - 41 27 948 08 69 | Accounts Payable | | | | $ 270,592 |
| 13 | PRUDENTIAL ATTN: CHARLES LOWREY 6716 GRADE LANE LEWISVILLE, KY 40213 UNITED STATES | CHARLES LOWREY CHAIRMAN AND CEO EMAIL - charles.lowrey@prudential.com | Accounts Payable | | | | $ 178,753 |

Debtor   SIO2 MEDICAL PRODUCTS, INC, et al.,                                                                                                   Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 14 | HAVAS LIFE PARIS ATTN: LORIS REPELLIN 29/30 QUAI DE DION BOUTON PUTEAUX,  92800 FRANCE | LORIS REPELLIN CEO PHONE - 33 646 814 184 | Accounts Payable | | | | $       167,950 |
| 15 | GRANTEK SYSTEMS INTEGRATION ATTN: DAVE PATTERSON 4480 HARVESTER RD. BURLINGTON, ON  L7L 4X2 CANADA | DAVE PATTERSON CEO PHONE - (866) 936-9509 | Accounts Payable | | | | $       167,087 |
| 16 | QUALITY MOLD INC. ATTN: THOMAS J. HAKEL 8130 HAWTHORNE DRIVE ERIE, PA  16509 UNITED STATES | THOMAS J. HAKEL PRESIDENT EMAIL - info@qualitymolderie.com PHONE - (814) 866-2255 | Accounts Payable | | | | $       158,500 |
| 17 | WIRTHWEIN MEDICAL GMBH & CO. KG ATTN: DR. RALF ZANDER BAHNHOFSTR 80 MUEHLTAL,  64367 GERMANY | DR. RALF ZANDER CFO EMAIL - info@wirthwein-medical.com PHONE - 49 6151 919-380 | Accounts Payable | | | | $       143,452 |
| 18 | On File | On File | Stock Appreciation Rights Plan | | | | $       131,205 |
| 19 | ALABAMA POWER COMPANY ATTN: JEFF PEOPLES 600 NORTH 18TH ST BIRMINGHAM, AL  35291 UNITED STATES | JEFF PEOPLES PRESIDENT & CEO PHONE - (205) 326-8002 FAX - (205) 257-2176 | Accounts Payable | | | | $       100,678 |
| 20 | PLAINSMAN TOWING, LLC/ STEVE M ASHURST TRUCKING CO. 1994 LEE ROAD 137 AUBURN, AL  36832 UNITED STATES | PHONE - (334) 559-1077 FAX - (334) 821-3563 | Accounts Payable | | | | $       93,606 |
| 21 | HBS GENERAL CONTRACTOR ATTN: BLAKE INGRAM 302 ALABAMA STREET AUBURN, AL  36832 UNITED STATES | BLAKE INGRAM OWNER & PRESIDENT PHONE - (334) 329-7052 | Accounts Payable | | | | $       82,644 |
| 22 | CINTAS ATTN: TODD M. SCHNEIDER 6800 CINTAS BOULEVARD MASON, OH  45040 UNITED STATES | TODD M. SCHNEIDER CEO & PRESIDENT PHONE - (513) 459-1200 | Accounts Payable | | | | $       81,719 |
| 23 | EBARA TECHNOLOGIES ATTN: SACHIN PARADKAR 51 MAIN AVENUE SACRAMENTO, CA  95838 UNITED STATES | SACHIN PARADKAR PRESIDENT & CEO EMAIL - info@ebaratech.com PHONE - (916) 920-5451 | Accounts Payable | | | | $       79,176 |
| 24 | On File | On File | Stock Appreciation Rights Plan | | | | $       78,723 |
| 25 | On File | On File | Stock Appreciation Rights Plan | | | | $       78,723 |
| 26 | On File | On File | Stock Appreciation Rights Plan | | | | $       78,723 |
| 27 | On File | On File | Stock Appreciation Rights Plan | | | | $       78,723 |
| 28 | HORIBA STEC, CO., LTD. ATTN: ATSUSHI HORIBA 9755 RESEARCH DRIVE IRVINE, CA  92618 UNITED STATES | ATSUSHI HORIBA CHAIRMAN & GROUP CEO PHONE - (949) 250-4811 | Accounts Payable | | | | $       70,560 |
| 29 | JONES WALKER LLP ATTN: WILLIAM H. HINES 201 ST. CHARLES AVE., 50TH FLOOR NEW ORLEANS, LA  70170-5100 UNITED STATES | WILLIAM H. HINES MANAGING PARTNER EMAIL - bhines@joneswalker.com PHONE - (504) 582.8272 | Accounts Payable | | | | $       60,005 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts,  bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 30 | INTELLIGENT MATERIAL SOLUTIONS, INC ATTN: HOWARD BELL 201 WASHINGTON ROAD PRINCETON, NJ  08540 UNITED STATES | HOWARD BELL PRESIDENT EMAIL - howard@intelligentmaterial.com | Accounts Payable | Unliquidated | | | Undetermined |

Parties that may be considered insiders as defined in 11 U.S.C 103 have been remove from this list. The Debtors reserve all rights as to whether such parties actually are insiders. Information regarding such parties is available to the Office of the United States Trustee upon request.

Fill in this information to identify the case and this filing:

Debtor Name      Advanced Biosciences Labware, Inc.

United States Bankruptcy Court for the:     **District of Delaware**

                                                  (State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration **List of Equity Security Holders, Corporate Ownership Statement, and Certification of Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| Executed on | 03/29/2023 | ☒ /s/ *Yves Steffen* |
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Yves Steffen** |
| | | Printed name |
| | | **Authorized Signatory** |
| | | Position or relationship to debtor |

**Official Form 202**                   **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**RESOLUTIONS**
**OF THE BOARD OF DIRECTORS** (the "***Board***")
**OF**
**SIO2 MEDICAL PRODUCTS, INC.** (the "***Company***")

**(as duly adopted on March 28, 2023)**

\*\*\*

**APPROVAL OF RESTRUCTURING MATTERS**

WHEREAS, the Board has reviewed and considered certain materials presented by, or on behalf of, the Company's management ("***Management***"), the Capital Raise Committee (the "***Committee***") and financial and legal advisors (collectively, the "***Advisors***") regarding that certain restructuring support agreement (as may be amended, supplemented, or modified from time to time, the "***Restructuring Support Agreement***") and certain materials including, but not limited to, materials regarding the liabilities, obligations and liquidity of the Company, the strategic and financial alternatives available to the Company, and the impact of the foregoing on the Company's businesses and operations and the businesses and operations of the Company's affiliates;

WHEREAS, the Restructuring Support Agreement contemplates that the Company will, among other things, file a voluntary petition for relief (the "***Bankruptcy Petition***") pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "***Bankruptcy Code***");

WHEREAS, the Board has reviewed and considered presentations by Management, the Committee and the Advisors regarding the advantages and disadvantages of both (i) the chapter 11 plan of reorganization (as may be amended, modified, or supplemented from time to time, the "***Plan***") and (ii) the debtor-in-possession financing facility contemplated in the Restructuring Support Agreement;

WHEREAS, the Board has also reviewed, evaluated and considered drafts of the Restructuring Support Agreement and the Plan presented to the Board;

WHEREAS, the Board has had adequate opportunity to consult with its Management, the Committee and Advisors regarding the materials and documentation presented, to obtain additional information, and to fully consider each of the strategic alternatives available to the Company;

WHEREAS, the Committee has determined and reported to the Board that, in the judgment of the Committee, the following resolutions and the actions, transactions and documentation contemplated thereby are advisable and in the best interests of the Company, its stockholders, its subsidiaries, its creditors and the other parties in interest, and has recommended approval of the same by the Board; and

WHEREAS, the Board and the Committee each has determined, in the judgment of the Board and the Committee, as applicable, that the following resolutions are advisable and in the

best interests of the Company, its stockholders, its subsidiaries, its creditors and the other parties in interest.

NOW, THEREFORE, BE IT HEREBY

RESOLVED, that the members of the Board have considered their fiduciary duties under applicable law in exercising their powers and discharging their duties, to act honestly and in good faith with a view to the best interests of the Company as a whole, and to exercise the care, diligence, and skill that a reasonably prudent person would exercise in comparable circumstances;

RESOLVED FURTHER, that in the judgment of the Board, it is desirable and in the best interests of the Company, its stockholders, its subsidiaries, its creditors and the other parties in interest that the Company shall be, and hereby is, in all respects approved and authorized to file, or cause to be filed, the Bankruptcy Petition under the provisions of chapter 11 of the Bankruptcy Code (including all matters contemplated by the Restructuring Support Agreement, the Plan and the DIP Financing (as defined below), including any auction, sales process, merger, business combination, reorganization, recapitalization, asset sale, equity sale or other fundamental transaction contemplated thereby, collectively, the "*Restructuring Matters*") in the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") for the Company; and, in accordance with the requirements of the Company's governing documents and applicable law, the Board hereby consents to, authorizes, approves, confirms and ratifies all actions in connection with, the filing of the Bankruptcy Petition;

RESOLVED FURTHER, that the Committee, any duly appointed member of the Committee or duly appointed officer of the Company (acting at the direction of the Board or the Committee or in a good faith manner consistent with its recommendations), each acting individually and with full power of substitution (together with any persons to whom such persons delegate certain responsibilities, collectively, the "*Authorized Persons*") be, and hereby is, authorized and approved to execute and file on behalf of the Company and its subsidiaries all agreements, certificates, instruments, powers of attorneys, letters, forms, deeds, mortgages, resolutions, consents, petitions, schedules, lists, and other motions, papers, materials or documents (collectively, "*Materials*"), and to take any and all action that such Authorized Person deems necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Company or any of its subsidiaries; and

RESOLVED FURTHER, that the Committee's responsibilities, duties and powers, including those currently contained in the Capital Raise Committee Charter, shall additionally specifically include overseeing the Restructuring Matters, engaging in the evaluation and monitoring of the Restructuring Matters, the investigation, negotiation, preparation, execution and filing of Materials, conducting any related investigations, evaluating any potential or actual interested party transactions, and making recommendations to the Board with respect to the Restructuring Matters and other foregoing matters and transactions.

THE RESTRUCTURING SUPPORT AGREEMENT AND THE PLAN

RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company, its stockholders, its subsidiaries, its creditors and the other parties in interest that the

Company, its subsidiaries, and the other parties thereto enter into the Restructuring Support Agreement (substantially in the form presented to the Board, with such changes as approved by one or more Authorized Persons, such approval to be conclusively established by such Authorized Person's execution and delivery or taking thereof) and that the Company's (including its subsidiaries) performance of its obligations under the Restructuring Support Agreement be and hereby is, in all respects, authorized, approved, confirmed and ratified;

**RESOLVED FURTHER**, that each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, approved, empowered and directed, to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to undertake and enter into the Restructuring Matters (including the Restructuring Support Agreement and the Plan and the DIP Financing) and to consummate the transactions contemplated thereby (each in the form and upon the terms as such Authorized Person may approve, such approval to be conclusively established by such Authorized Person's execution and delivery or taking thereof), and that such Company and any subsidiaries' performance of its obligations in respect of Restructuring Matters (including the Restructuring Support Agreement and the Plan), is, in all respects, authorized, approved, confirmed and ratified;

**RESOLVED FURTHER**, that in the judgment of the Board, it is desirable and in the best interests of the Company, its stockholders, its subsidiaries, its creditors and the other parties in interest, that the Authorized Persons file or cause to be filed the Plan (substantially in the form presented to the Board, with such changes as approved by one or more Authorized Persons, such approval to be conclusively established by such Authorized Person's execution and delivery or taking thereof) and all other papers or documents (including a disclosure statement and any amendments) related thereto and to take any and all actions that they deem necessary or appropriate to pursue confirmation and consummation of a plan of reorganization materially consistent with the Plan (as may be modified with the support of the parties to the Restructuring Support Agreement);

**RESOLVED FURTHER**, that each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, approved, empowered and directed, together with the Advisors, to file all other documents deemed necessary to confirm a plan of reorganization materially consistent with the Plan, including, but not limited to, any amendments to and modifications of the Plan; and

**RESOLVED FURTHER**, that each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, approved, empowered and directed, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to consummate the Plan, if confirmed by the Bankruptcy Court, and all transactions contemplated by the Restructuring Support Agreement and the Plan (including, without limitation, the incurrence of indebtedness, rejection of obligations, sale of the Company, sale or equity or assets, merger liquidation, or other transactions that may be in furtherance of the Plan); provided, that for the purposes of these resolutions, the releases included in the Plan and Restructuring Support Agreement remain subject to the ongoing investigation of the Committee and the Committee is hereby authorized, approved, empowered and directed to determine whether to amend, modify or otherwise supplement, remove or revoke and releases contemplated by the

Plan and the Restructuring Support Agreement and recommend that the Board take appropriate action based on the Committee's determinations.

### CASH COLLATERAL, DEBTOR-IN-POSSESSION- FINANCING, AND ADEQUATE PROTECTION

**RESOLVED**, that in the judgment of the Board, the Company, its stockholders, its subsidiaries, its creditors and the other parties in interest will obtain benefits, which are necessary and convenient to the conduct, promotion, and attainment of the business of the Company, from (a) the use of collateral, including cash collateral, as that term is defined in section 361(a) of the Bankruptcy Code (the "***Cash Collateral***"), which is security for certain prepetition secured lenders, and (b) the incurrence of debtor-in-possession financing obligations by entering into that certain superpriority priming multi-draw term loan debtor-in-possession credit agreement (the "***DIP Credit Agreement***", and such financing obligations, the "***DIP Financing***");

**RESOLVED FURTHER**, that in order to use and obtain the benefits of the DIP Financing and Cash Collateral, in accordance with Section 363 of the Bankruptcy Code, the Company and its subsidiaries will provide certain adequate protection to the secured parties (the "***Adequate Protection Obligations***"), as documented in a proposed order in interim and final form (the "***DIP Order***") to be submitted for approval to the Bankruptcy Court;

**RESOLVED FURTHER**, that the form, terms, and provisions of the DIP Credit Agreement (substantially in the form presented to the Board, with such changes as approved by one or more Authorized Persons, such approval to be conclusively established by such Authorized Person's execution and delivery or taking thereof), be, and hereby are, in all respects, approved and that the Company's (including its subsidiaries) performance of its obligations under the DIP Credit Agreement be and hereby is, in all respects, authorized, approved, confirmed and ratified;

**RESOLVED FURTHER**, that the form, terms, and provisions of the DIP Order (substantially in the form presented to the Board, with such changes as approved by one or more Authorized Persons, such approval to be conclusively established by such Authorized Person's execution and delivery or taking thereof) to which the Company (including its subsidiaries) is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, approved, empowered and directed to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the Company's (including its subsidiaries') performance of its obligations under the DIP Credit Agreement and the DIP Order, and such other agreements, certificates, instruments, fee letters, guaranties, notices, receipts, recordings, filings, petitions, motions, or any other papers or documents to which such Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively, with the DIP Order and the DIP Credit Agreement, the "***DIP Documents***"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form presented to the Board, with such changes as approved by one or more Authorized Persons, such approval to be conclusively established by such Authorized Person's execution and delivery or taking thereof;

**RESOLVED FURTHER**, that the Company (and its subsidiaries), as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate

Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "***DIP Transactions***"), including the guaranty of the obligations thereunder and the granting of liens on substantially all of its assets to secure such obligations;

**RESOLVED FURTHER**, that each of the Authorized Persons, acting individually and with full power of substitution, be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company (and its subsidiaries), as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate to effectuate the DIP Transactions, including delivery of: (a) the DIP Documents (including, without limitation, any amendments to any DIP Documents); and (b) such other agreements, instruments, certificates, notices, assignments, and documents as may be reasonably requested by the agent under the DIP Financing (the "***DIP Agent***") (clauses (a) and (b) of this paragraph, collectively, the "***DIP Financing Documents***");

**RESOLVED FURTHER**, that each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company (and its subsidiaries) to file or to authorize the DIP Agent to file any Uniform Commercial Code (the "***UCC***") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of such Company that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of such Company and such other filings in respect of intellectual and other property of such Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Order; and

**RESOLVED FURTHER**, that each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company (and its subsidiaries) to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Financing Documents, which shall in their sole judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with the DIP Order or any of the other DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

### REMOVAL OF CHAIRMAN OF THE BOARD AND REPLACEMENT OF THE SUBSIDIARY BOARDS AND THE SUBSIDIARY OFFICER POSITIONS

**WHEREAS**, the Board deems it advisable, desirable and in the best interest of the Company, its stockholders, its subsidiaries, its creditors and the other parties in interest to (i) remove Robert S. Abrams from his position as Chairman of the Board and (ii) to appoint Yves Steffen as sole

director of the board of directors of each of Advanced Bioscience Labware, Inc. and Advanced Bioscience Consumables, Inc. (the "*US Subsidiaries*"), in replacement of Robert S. Abrams from such positions; and

WHEREAS, the Board deems it advisable, desirable and in the best interest of the Company, its stockholders, its subsidiaries, its creditors and the other parties in interest to remove Robert S. Abrams from each officer position that Robert S. Abrams holds in each US Subsidiary and SiO2 Material Science AG (collectively, the "*Subsidiaries*") and to appoint certain officers to the Subsidiaries as further detailed below.

NOW, THEREFORE, BE IT HEREBY

RESOLVED, that Robert S. Abrams be, and he hereby is, removed from his position as Chairman of the Board and as director of each of the US Subsidiaries and that any actions taken with respect to such removals are approved, ratified and confirmed in all respects; and

RESOLVED FURTHER, that Yves Steffen be and hereby is, appointed as the sole director of each of the US Subsidiaries effective as of the date hereof;

RESOLVED FURTHER, that as a result of the foregoing, the Board hereby affirms that, as of the date hereof, (i) Yves Steffen is the sole director of each of the Company's subsidiaries and (ii) the members of the Board are as follows:

Yves Steffen

Paul Meister (Disinterested Director)

Robert S. Abrams

Andreas Biagosch

Neal Goldman (Disinterested Director)

Alexander Greene (Disinterested Director)

Bruce Koepfgen (Disinterested Director)

Jared Morris

Jean Marie Painvin

Robert Pangborn

Melissa Simon

RESOLVED FURTHER, that Robert S. Abrams is removed from each officer position he holds of the Subsidiaries;

**RESOLVED FURTHER**, that each of the individuals set forth below be and hereby is confirmed and ratified as having been appointed to and holding the officer positions set forth by their name for the Company and each of the Subsidiaries (the "***Officers***"):

Yves Steffen (President and Chief Executive Officer)

R. Seth Bullock (Interim Chief Financial Officer)

F. Michael Harrison (Chief Accounting Officer, Vice President, Treasurer and Secretary); and

**RESOLVED FURTHER**, that the Officers shall also have (or in lieu thereof) such equivalent titles or adjustments as necessary to comply with local law requirements or customs as determined by the Chief Executive Officer.

## CEO EMPLOYMENT AGREEMENT

**WHEREAS**, the Board deems it advisable, desirable and in the best interest of the Company, its stockholders, its subsidiaries, its creditors and the other parties in interest to approve the Company entering into an employment agreement with SiO2 Material Science AG ("***SiO2 MS AG***") and Yves Steffen, pursuant to which, among other things, the Company will guarantee SiO2 MS AG's financial obligations due under the employment agreement, substantially in the form presented to the Board (the "***CEO Employment Agreement***") and the duties, responsibilities, actions and compensation package contemplated therein.

**NOW, THEREFORE, BE IT HEREBY**

**RESOLVED**, that the Board hereby authorizes and approves the Company to enter into the CEO Employment Agreement with SiO2 MS AG and Yves Steffen.

## RETENTION PROGRAM

**WHEREAS**, the Board deems it advisable, desirable and in the best interest of the Company, its stockholders, its subsidiaries, its creditors and the other parties in interest to approve a retention program for certain officers and employees of the Company (and its subsidiaries), pursuant to which, among other things, the Company will provide certain compensation packages to the officers and employees on the terms and conditions set forth therein (in the form presented to the Board, the "***Retention Program***").

**NOW, THEREFORE, BE IT HEREBY**

**RESOLVED**, that the Board hereby authorizes and approves the Company (and its subsidiaries) entering into the Retention Program, and the Authorized Persons hereby are, authorized and approved to take any and all action that such Authorized Person deems necessary

or proper to effectuate the Retention Program and otherwise retain officers and employees of the Company in a manner consistent therewith.

## RETENTION OF PROFESSIONALS

**RESOLVED**, that each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, approved, empowered and directed to employ the following professionals on behalf of the Company: (i) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, as general bankruptcy counsel; (ii) the law firm of Cole Schotz P.C., as local bankruptcy counsel; (iii) the firm of Alvarez & Marsal North America, LLC, as financial and restructuring advisor; (iv) Lazard, as investment banker; (v) Donlin, Recano & Company, Inc., as claims, noticing, solicitation, and administrative agent; and (vi) and any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals such Authorized Person deems necessary, appropriate, or advisable; each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of the Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is authorized, approved, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services.

## APPROVAL OF INTERESTED PARTY TRANSACTIONS

**WHEREAS**, pursuant to Section 144 of the DGCL, no contract or transaction between the Company and one or more of its directors or officers or any other corporation, partnership, association or other organization in which one or more of the directors or officers of the Company is a director or officer of, or has a financial interest in (any such party is referred to herein individually as an "***Interested Party***," or collectively as the "***Interested Parties***," and any such contract or transaction is referred to herein as an "***Interested Party Transaction***"), shall be void or voidable solely for that reason, or solely because the director or officer is present at or participates in the meeting of the Board which authorized the Interested Party Transaction or solely because the vote of any such director is counted for such purpose, if: (i) the material facts as to the relationship or interest and as to the contract are disclosed or are known to the Board, and the Board in good faith authorizes the contract or transaction by affirmative votes of a majority of the disinterested directors, even though the disinterested directors be less than a quorum, (ii) the material facts as to the relationship or interest and as to the contract are disclosed or are known to the stockholders entitled to vote thereon, and the contract or transaction is specifically approved in good faith by vote of the stockholders, or (iii) the contract or transaction is fair as to the Company as of the time it is authorized, approved or ratified by the Board or the stockholders;

**WHEREAS**, the Board is aware that (i) Andreas Biagosch and Melissa Simon are members of the Board and are affiliated with or appointees of Patiro Holding AG, or certain of its affiliates, (ii) Yves Steffan is Chief Executive Officer of the Company and its subsidiaries and a member of the Board, (iii) Jared Morris is a member of the Board and is affiliated with or an appointee of The Teacher's Retirement System of Alabama, The Employee's Retirement System of Alabama or

certain of their respective affiliates, and (iv) Robert S. Abrams and Robert Pangborn are members of the Board and are affiliated with or appointees of Robert S. Abrams, A. Enterprises, LLC or certain of their respective affiliates, such that the foregoing persons may be deemed to be an Interested Party with respect to certain of the matters described in these resolutions, and the related agreements or transactions may be deemed to be Interested Party Transactions with respect to such persons; and

**WHEREAS**, the Board is aware that the Disinterested Directors identified above were appointed by certain shareholders who may be an Interested Party, but has determined that such Disinterested Directors satisfy the definition of "Disinterested Director" in the Amended and Restated Bylaws of the Company, and are not interested in respect of the matters and other transactions authorized and approved in these resolutions.

**NOW, THEREFORE, BE IT HEREBY**

**RESOLVED**, that the Board hereby (i) reaffirms the "Disinterested Directors" identified above in these resolutions satisfy the definition of "Disinterested Director" in the Amended and Restated Bylaws of the Company and has determined they are not "interested" in respect of the matters and other transactions authorized and approved in these resolutions and (ii) acknowledge that all material facts as to Director's relationships or interests as to the matters and other transactions authorized and approved in these resolutions have been disclosed and are known to the Board, and that the Board, by execution hereof, specifically approves such transactions pursuant to Section 144 of the DGCL.

**FURTHER ACTIONS AND PRIOR ACTIONS**

**RESOLVED**, that the Board hereby recommends approval of the foregoing actions by the stockholders, as necessary, and authorizes and approves the Company and each of the Authorized Persons, each acting individually and with full power of substitution, to seek and obtain the approval of its stockholders, as necessary, appropriate or useful in connection with any of the foregoing authorizations and resolutions;

**RESOLVED FURTHER**, that in addition to the specific authorizations conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of the Company if appropriate), acknowledge, deliver, and file any and all Materials and other documents on behalf of the Company relating to the matters and resolutions contemplated herein;

**RESOLVED FURTHER**, that each of the Authorized Persons, each acting individually and with full power of substitution be, and hereby is, authorized, approved, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that such Authorized Person in their absolute discretion deems necessary, appropriate, or desirable in accordance with these resolutions;

**RESOLVED FURTHER**, that to the extent the Company is directly or indirectly a stockholder, member, partner, managing member, designee of the board of directors or managers or other

governing body of certain of the Company's subsidiaries (each, a "***Controlled Company***"), the resolutions herein shall also be deemed authorization of the same with respect to each Controlled Company (notwithstanding a reference specifically to the Company), as applicable, and each Authorized Person is authorized, approved, empowered, and directed to take each of the actions described in these resolutions or any of the actions authorized or approved by these resolutions on behalf of each such applicable Controlled Company and to adopt resolutions and consents on behalf of such Controlled Company;

**RESOLVED FURTHER**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized and approved to take any and all such other and further actions, and to do all such other deeds and other things as the Company itself may lawfully do, in accordance with its governing documents and applicable law, including but not limited to, the negotiation, finalization, execution, acknowledgement, delivery, and filing of any and all Materials and other documents on behalf of the Company, and the payment of all fees, costs and expenses (including Advisor fees, costs and expenses), including but not limited to filing fees, in each case as such Authorized Person's or Authorized Persons' may, in his/her/its/their absolute and unfettered discretion approve, deem or determine necessary, appropriate, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof;

**RESOLVED FURTHER**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice;

**RESOLVED FURTHER**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, any Company Subsidiary or any Controlled Company, which acts would have been approved, authorized and confirmed by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, authorized, confirmed and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized or approved in advance by resolution of the Board; and

**RESOLVED FURTHER**, these resolutions of the Board and any related stockholder approvals shall be filed in the minute books of the Board, shall become part of the records of the Company and may be certified to third parties by any Authorized Person as the acts of the Board, the stockholders, the Company and Controlled Companies, as applicable.

* * * * * *